UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NICHOLAS VEAL,

               Plaintiff,     Civil Action No. ____

        -against-

CITY OF NEW YORK,

                                       COMPLAINT

                                       JURY TRIAL
               Defendant.    DEMANDED
------------------------------------------------------------X

Plaintiff, NICHOLAS VEAL, by his attorney, George T. Peters, Esq., complaining of the defendant herein, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. NICHOLAS VEAL brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to defendants' violations of his civil rights secured by 42 U.S.C. §§ 1983, 1985, and 1988, by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States of America Constitution, 18 U.S.C. §2235, and under the laws of the State of New York.

2. Plaintiff, NICHOLAS VEAL, is a thirty-three (33) year old male, resident of the City of New York, State of New York and a citizen of the United States of America.

3. Plaintiff, NICHOLAS VEAL, while doing nothing illegal or improper, was deprived of his constitutional, civil and common law rights when defendant CITY OF NEW YORK through its agency the CITY OF NEW YORK Police Department detained him pursuant to a purported videotaped drug sale.

## JURISDICTION

4. This action is brought pursuant to Civil Rights Act, 42 U.S.C. §§ 1983, 1985, 1988, and 18 U.S.C. §§ 2234 and 2235, and of rights secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States of America Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343 and the aforementioned statutory and constitutional provisions.

5. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(b) because the claims arose in this district.

## JURY DEMAND

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. Plaintiff, NICHOLAS VEAL, is a citizen of the United States and at all relevant times a resident of the City of New York, State of New York.

9. Defendant CITY OF NEW YORK is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of its agencies, as well as the

hiring, screening, training, supervising, controlling and disciplining of those persons employed by its agencies.

10. Defendant, CITY OF NEW YORK, employs police officers through the CITY OF NEW YORK Police Department and as such is responsible for the practices, policies, and customs of the CITY OF NEW YORK Police Department.

## STATEMENT OF FACTS

11. On or about Monday, May 21, 2012, Plaintiff NICHOLAS VEAL was observed by the CITY OF NEW YORK Police Department at approximately 6 p.m.

12. NICHOLAS VEAL purportedly conducted a narcotics transaction.

13. The CITY OF NEW YORK Police Department alleged that NICHOLAS VEAL sold marijuana to Mr. Edwin Hankerson.

14. NICHOLAS VEAL lived in an apartment building with a remote client camera system.

15. The aforementioned camera system purportedly showed NICHOLAS VEAL selling marijuana.

16. NICHOLAS VEAL did not conduct a narcotics transaction on Monday, May 21, 2012.

17. NICHOLAS VEAL "shook" a friend's hand.

18. Nonetheless, on May 24, 2012, NICHOLAS VEAL was arrested on myriad drug charges.

19. NICHOLAS VEAL was beaten while being arrested by CITY OF NEW YORK Police Officers.

20. NICHOLAS VEAL suffered swelling and bruising on his face after being beaten by CITY OF NEW YORK Police Officers.

21. NICHOLAS VEAL was held by CITY OF NEW YORK Police Officers for two (2) days.

22. NICHOLAS VEAL was arraigned on the following state criminal charges: New York State Penal Code §§221.40, 220.03, and 221.05.

23. New York State Penal Code § 221.40: Criminal sale of marihuana in the fourth degree. A person is guilty of criminal sale of marihuana in the fourth degree when he knowingly and unlawfully sells marihuana except as provided in section 221.35 of this article. Criminal sale of marihuana in the fourth degree is a class A misdemeanor.

24. New York State Penal Code § 220.03: Criminal possession of a controlled substance in the seventh degree. A person is guilty of criminal possession of a controlled substance in the seventh degree when he or she knowingly and unlawfully possesses a controlled substance; provided, however, that it shall not be a violation of this section when a person possesses a residual amount of a controlled substance and that residual amount is in or on a hypodermic syringe or hypodermic needle obtained and possessed pursuant to section thirty-three hundred eighty-one of the public health law; nor shall it be a violation of this section when a person's unlawful possession of a controlled substance is discovered as a result of seeking immediate health care as defined in paragraph (b) of subdivision three of section 220.78 of the penal law, for either another person or him or herself because such person is experiencing a drug or alcohol overdose or other life threatening medical emergency as defined in paragraph (a) of subdivision

three of section 220.78 of the penal law. Criminal possession of a controlled substance in the seventh degree is a class A misdemeanor.

25. New York State Penal Code § 221.05: Unlawful possession of marihuana. A person is guilty of unlawful possession of marihuana when he knowingly and unlawfully possesses marihuana. Unlawful possession of marihuana is a violation punishable only by a fine of not more than one hundred dollars. However, where the defendant has previously been convicted of an offense defined in this article or article 220 of this chapter, committed within the three years immediately preceding such violation, it shall be punishable (a) only by a fine of not more than two hundred dollars, if the defendant was previously convicted of one such offense committed during such period, and (b) by a fine of not more than two hundred fifty dollars or a term of imprisonment not in excess of fifteen days or both, if the defendant was previously convicted of two such offenses committed during such period.

26. NICHOLAS VEAL was not found guilty of the aforementioned criminal charges.

27. The criminal charges lodged against NICHOLAS VEAL were dismissed on October 1, 2013.

28. The matter against NICHOLAS VEAL was sealed pursuant to Section 160.50 of the New York State CPL on November 7, 2013.

29. NICHOLAS VEAL lost his residence due, in part, to the criminal charges lodged against him.

## FIRST CAUSE OF ACTION
### Violation of Plaintiff's Federal Constitutional Rights

30. Plaintiff, NICHOLAS VEAL, repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 29 with the same force and effect as if more fully set forth at length herein.

31. As a direct and proximate result of the defendants' actions, Plaintiff was deprived of property, rights, privileges and immunities secured to him under the Constitution and laws of New York and the United States, including, but not limited to their rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments and 42 U.S.C. §1983 and 1985 to be secure in his person, to be protected against cruel and unusual punishment, to not be deprived of his property, to be provided with humane conditions of confinement, and to equal protection of the laws.

32. The Defendant's actions were undertaken under the color of law and would not have existed but for said defendant's use of its official power.

33. As a result of the aforesaid violation of Plaintiff's rights, Plaintiff has sustained emotional, physical, psychological injuries and damages previously described in this complaint.

34. That by reason of the foregoing, Plaintiff suffered serious physical and/or emotional injuries with damages totaling in the sum of One Million Dollars ($1,000,000.00).

## SECOND CAUSE OF ACTION
### Deprivation of Property

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 34 with the same force and effect as if more fully set forth at length herein.

36. The CITY OF NEW YORK deprived NICHOLAS VEAL of personal property without due process.

37. Defendant violated 42 U.S.C. §1983.

38. Defendant violated the Fourteenth (14th) Amendment.

39. The defendant, its agents, servants or employees acted negligently, carelessly and recklessly in allowing Plaintiff's rights to be violated.

40. As a result of the aforesaid, Plaintiff sustained the injuries and damages previously described in this complaint.

41. As a result of the foregoing, Plaintiff seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

## THIRD CAUSE OF ACTION
### False Arrest and False Imprisonment

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 41 with the same force and effect as if more fully set forth at length herein.

43. At all times relevant herein Defendant, CITY OF NEW YORK, acted with the intention of confining Plaintiff, NICHOLAS VEAL, within fixed boundaries. The act directly or indirectly resulted in confinement, and NICHOLAS VEAL was conscious of the confinement.

44. Defendant imposed by force or threats an unlawful restraint upon plaintiff NICHOLAS VEAL's freedom of movement, to wit by arresting and handcuffing his hands behind his back and transporting him to a facility where he was detained in a cell.

45. At no time did Plaintiff commit, or attempt to commit, any act or offense for which an arrest may be lawfully made.

46. The false criminal charges, false arrest and wrongful imprisonment were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

47. The Defendant, CITY OF NEW YORK, its agents, servants and/or employees acted in bad faith and without probable cause in committing the aforesaid arrest and imprisonment of Plaintiff, NICHOLAS VEAL.

48. The aforesaid arrest and imprisonment was made with knowledge of and/or negligent disregard of the material falseness of the criminal complaint(s).

49. As a direct and proximate result of the conduct of Defendant, NICHOLAS VEAL suffered harm and damages including but not limited to the aforesaid damages.

50. Defendant CITY OF NEW YORK is liable under the doctrine of respondeat superior for its agency CITY OF NEW YORK Police Department's actions.

51. As a result of the foregoing, Plaintiff seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

### FOURTH CAUSE OF ACTION
#### Malicious Prosecution

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 51 with the same force and effect as if more fully set forth at length herein.

53. Defendant, CITY OF NEW YORK, instituted criminal process against Plaintiff, NICHOLAS VEAL, with malice.

54. The charges were not based upon probable cause, that is the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that NICHOLAS VEAL was guilty.

55. Defendant has a duty to ascertain whether there was reasonable and probable cause for a prosecution.

56. Defendant breached its duty.

57. The criminal proceeding was terminated in favor of Plaintiff, NICHOLAS VEAL, when the charges were dismissed by the Court.

58. As a result of the foregoing, NICHOLAS VEAL, seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief against Defendant as follows:

(1) On the FIRST CAUSE OF ACTION against Defendant, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(2) On the SECOND CAUSE OF ACTION against Defendant, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(3) On the THIRD CAUSE OF ACTION against Defendant, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(4) On the FOURTH CAUSE OF ACTION against Defendant, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(5) That Plaintiff recovers the cost of the suit herein, including reasonable attorney's fees pursuant to 42 U.S.C. §1988; and

(6) That Plaintiff has such other and further relief, as this Court shall deem just and proper.

Dated: December 11, 2013
New York, New York

_____
GEORGE T. PETERS, ESQ. (GP 2661)
LAW OFFICE OF GEORGE T. PETERS, PLLC
*Plaintiffs' Attorney*
402 W. 145th Street, 2nd Floor
New York, New York 10031
(347) 751-0157
George.Peters@myatty1.com